LOTTINGER, Judge.
The plaintiff in this matter, Mrs. Nina T. True, was a passenger in an automobile operated by her husband on U. S. Highway 11 when the True vehicle collided *583 with an automobile operated by Robert LeRoy McDonald. The accident occurred between Lake Pontchartrain and the intersection of U. S. Highway 11 and U. S. Highway 90 near a construction site. Joined as defendants are McDonald, his employer, Potashnick Construction Company, Inc. and its insurer, the United States Fidelity and Guaranty Company and Continental Casualty Company, the liability insurer of Mr. True. The issue presented, which is purely factual, was correctly resolved by the Trial Judge as follows:
“ * * * There was no construction taking place along this highway at the time although caution signs warning traffic to move at a slow pace had been posted but which signs had not been authorized by the Highway Department. Mr. McDonald, the employee of the Potashnick Construction Company drove out of the parking area onto Highway 11, it being necessary for him to go up a slight incline from the parking area to the highway in order to reach the highway. He apparently stopped his car on the edge of the highway, looked to his right or toward the City of New Orleans and then proceeded on into the highway with the intention of turning left toward Slidell. Mr. True was returning from Laurel, Mississippi at approximately 11 o’clock a. m. and reached the area of the point of impact of the automobiles and when some distance away observed the McDonald vehicle come up to the highway and stop. Mr. True testified that he assumed the McDonald car had stopped to let him by but when he was a short distance from the McDonald automobile it moved on into the highway. True applied his brakes and the physical facts and the testimony of Mr. True and a police officer from the City of New Orleans it appears that Mr. True did indeed apply his brakes some 75 or 80 feet from the point of impact and taking into consideration the time element involved and the condition of the road and the findings of the police officer, from all these physical facts there is a strong presumption that Mr. True was proceeding along the road in an ordinarily careful and prudent manner, that he reacted as an ordinary person in the face of a sudden emergency and that he could not have been traveling over forty miles an hour at the time that he became aware that the operator of the McDonald car did not intend to remain stopped until the True vehicle passed.
“This Court gave a post trial finding of facts immediately upon the submission of the case at the conclusion of the testimony which findings are at the end of the transcript of testimony.
“The preponderance of the evidence indicates clearly that the accident was caused by the negligence of the operator of defendant’s vehicle, that there was no contributing negligence upon the part of Mr. True and that the defendants, Robert LeRoy McDonald, his employer, Potashnick Construction Company, Inc. and the insurance carrier, United States Fidelity and Guaranty Company are liable for the resulting injuries to the plaintiff herein. R.S. 32:237(e) and R.S. 32:236 (left turn).
“This accident occurred on April 1, 1962 and immediately after the accident medical treatment was sought, the medical indicating that on April 2nd Mrs. True walked into the doctor’s office holding her head erect without turning or bending her neck in any direction and without moving the entire upper part of her body and after taking the history the patient had to be helped to the examining room for it was difficult and painful for her to rise after being in the sitting position. There were marked spasm and tenderness of the cervical muscles and marked limitation of movement of the neck in all directions due to spasm and pain *584 of the cervical muscles. She was treated daily. Her progress was slow. Dr. Rabin testified that Mrs. True had received ultrasonic treatment 41 times from the time of the accident through June 22, 1962, that he visited her 30 times during her stay in the hospital or a total of 71 times and that she had been back to his office every one or two weeks since June, 1962 and was suffering so much around the 1st of May, 1963 that he sent her back to Dr. Soboloff for further examination and on May 8th, Dr. Soboloff gave a report ‘we feel that the patient has subjective complaints, predominantly in the right side of the back, without objective findings. On an orthopedic basis this examiner is unable to explain these complaints of soreness or the restriction of motion she exhibits. In the lumbar spine, there is tightness at the extreme of forward flexion. This could account for the soreness and aching here. These essentially are the residuals and we are unable, from an orthopedic standpoint, to offer anything further other than the use of muscle relaxants as required.’ Dr. Rabin and Dr. Soboloff both testified at the trial and stated that from the history of Mrs. True’s case and from the nature of her injuries that she was not malingering and that it was not uncommon for people with the types of injuries Mrs. True was suffering from to experience pain for an undetermined length of time.
“Mrs. True testified that she had been working prior to the accident and that she was unable to work from the date of the accident on April 1, 1962 until March, 1963, and from then on she was only able to work 23 hours a week rather than the usual 40 and that she had been working.
“This Court is satisfied that Mrs. True suffered to the extent that she actually required medical attention over a long period of time and that she has not fully recovered from the effects of the accident even until this date and that she should recover the sum of Seven Thousand Five Hundred and No/100 ($7,500.00) Dollars, including the whip lash injury, lumbosacral sprain and traumatic neurosis.
“A judgment for this amount will be signed in favor of Nina T. True and against Robert Leroy McDonald, Potashniclc Construction Company, Inc. and their insurance carrier, United States Fidelity and Guaranty Company, jointly, severally and in solido, when prepared and presented. The demands against the Continental Casualty Company will be dismissed.”
Both plaintiff and defendants complain of the amount of the award. A thorough review of the record convinces us that it is neither excessive nor inadequate and that it should, therefore, be affirmed. See Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149.
Judgment affirmed.